UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20184-CR-ALTMAN/REID

UNITED STATES OF AMERICA,

v.

JOSE FERMIN MATOS-PERALTA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 2], to conduct a Change of Plea Hearing for Defendant Jose Fermin Matos-Peralta in this case. The Court having conducted the Change of Plea Hearing on July 26, 2023, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and the Defendant acknowledged on the record that he had signed and understood it. Defendant agreed to plead guilty Count 1 of the Indictment which charges Defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b). The Government has agreed to seek dismissal of Count 2 of the Indictment, as to this Defendant, after sentencing.

6. The Court ensured that Defendant understood the terms of the plea agreement and that the plea agreement represented, in its entirety, the understanding Defendant has with the Government.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8.  Further, the Court reviewed with Defendant the possible minimum and maximum penalties for the charged offense. Defendant acknowledged that he understood these possible penalties. Defendant was further advised that the Court must impose a mandatory minimum sentence of ten years' imprisonment, and may impose a statutory maximum of life imprisonment, followed by a term of up to life of supervised release. The Court also advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $10,000.00 and and will impose a special assessment in the amount of $100.

9.  Defendant acknowledged that he had reviewed the Indictment, discussed the charges against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

10. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Count 1 of the Indictment and that Defendant be adjudicated guilty of the offense charged.

11. A pre-sentence investigation report is being prepared. Sentencing is set before District Judge Roy K. Altman.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count 1 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **five** (5) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of

Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 26th day of July, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **United States District Judge Roy K. Altman;**

**All Counsel of Record**